1
2
3
4
5          UNITED STATES DISTRICT COURT
6          EASTERN DISTRICT OF WASHINGTON

7   SHAWN BOTNER,

8                          Petitioner,          NO:  2:18-CV-0186-TOR

9         v.                                    ORDER DISMISSING PETITION
                                                AND DENYING PENDING MOTION
10  SJAN TALBOT,                                AS MOOT

11                         Respondent.

12

13          Petitioner, a civilly committed person at the Special Commitment Center in

14   Steilacoom, Washington, brings this *pro se* habeas petition pursuant to 28 U.S.C.  §

15   2254.  He paid the $5.00 filing fee and the petition was filed on June 11, 2018.

16          Petitioner states that he was committed on August 26, 2009, following a

17   second civil commitment trial.  ECF No. 1 at 2.  The attached decision from the

18   Washington State Court of Appeals, Division III, however, indicates that he was

19   committed as a sexually violent predator on November 17, 2014.  *Id.* at 9.

20

Regardless, Petitioner asserts that he was granted "the right to an unconditional release trial at his Annual Review," because the State had twice failed to timely file the statutory Annual Review report. *Id.* at 2. He complains that the Attorney General obtained a stay and the Court of Appeals reversed the decision of the Spokane County Superior Court and struck the unconditional release trial(s). *Id.* The Washington State Supreme Court then denied review. *Id.* Petitioner has attached the state appellate court decisions, but fails to state any grounds for federal habeas relief.

This Court is precluded from exercising appellate jurisdiction over the decisions of the Washington state courts. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983) (holding that federal district courts may not exercise appellate jurisdiction over state court decisions); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). Under the *Rooker-Feldman* doctrine, this Court lacks subject matter jurisdiction over Petitioner's action as it appears to be a *de facto* appeal from a state court judgment. *See Kougasian v. TMSL, Inc.,* 359 F.3d 1136, 1139 (9th Cir. 2004).

The *Rooker-Feldman* doctrine is a jurisdictional rule derived from 28 U.S.C. § 1257, which states that "[f]inal judgments or decrees rendered by the highest court of a state in which a decision could be had, may be reviewed by the Supreme Court . . . ." 28 U.S.C. § 1257; *Jefferson v. City of Tarrant, Alabama*, 522 U.S. 75, 80-81

(1997).  Therefore, Petitioners avenue for federal review of a Washington State Supreme Court decision is in the United States Supreme Court.

A federal district court must "refuse to decide any issue raised in the suit that is 'inextricably intertwined' with an issue resolved by the state court in its judicial decision."  *Doe v. Mann*, 415 F.3d 1038, 1041-42 (9th Cir. 2005) (*citing Noel v. Hall*, 341 F.3d 1148, 1158 (9th Cir. 2003)); *see Feldman*, 460 U.S. at 483, n. 16.  Because Petitioner is challenging the Washington courts' interpretation of a Washington statute, the *Rooker-Feldman* doctrine precludes this Court from hearing Petitioner's claims or granting him the unspecified relief he seeks.

Rule 4 of the Rules Governing Section 2254 Cases provides for the summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  Here, it is clear that Petitioner is not entitled to federal habeas relief.

Accordingly, **IT IS HEREBY ORDERED:**

1.  Petitioner's Habeas Corpus Petition pursuant to 28 U.S.C. § 2254 (ECF No. 1), is **DISMISSED without prejudice** to seeking appropriate appellate review.

2.  All pending motions are **DENIED AS MOOT**.

**IT IS SO ORDERED**.  The Clerk of Court shall enter this Order, enter judgment, provide copies to Petitioner, and CLOSE the file.  The Court further

certifies that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

DATED July 12, 2018.



THOMAS O. RICE
Chief United States District Judge